# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHARLES E. FERGUSON,**

    **Plaintiff,**

    **v.**                                    **Case No. 18-CV-1213**

**UNITED STATES HSS, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION SCREENING COMPLAINT

On August 6, 2018, Charles E. Ferguson filed a *pro se* complaint against the United States HSS, State of Wisconsin HSS, Gina Cortney, Milwaukee County Board of Supervisors, House of Correction Superintendent, Milwaukee County Circuit Court Clerk in Probate, Gary Byers, and Bruce Landgraft. (Docket # 1.) Ferguson entitles his complaint as "racial discrimination against Hamite Maya Native Americans" and as a Civil Rights Complaint. This matter comes before me on Ferguson's motion to proceed without prepaying the filing fee. (Docket # 4.) From the financial affidavit Ferguson has given the court, I conclude that he is unable to pay the fees and costs of starting this lawsuit. Thus, I will grant Ferguson's motion to proceed without prepaying the filing fee. However, because Ferguson's complaint fails to state a claim on which relief may be granted, I recommend that Ferguson's complaint be dismissed without prejudice.

## LEGAL FRAMEWORK

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To

authorize a litigant to proceed without prepaying the filing fee, the court must make two determinations.

First, the court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). This is done through a review of the litigant's assets as stated on a declaration submitted to the court. *Id.*

Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim on which relief may be granted, or does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## ANALYSIS

In his declaration, Ferguson states that he is not married and has no dependents. (Docket # 4 at 1.) He owns no property of value except for $833.00 in a bank account. (*Id.* at 3-4.) Ferguson states that his only income is $833.00 in SSI benefits and that he has $750.00 in monthly expenses.

(*Id.* at 2-3.) Based on the information provided, I am satisfied that Ferguson is indigent for purposes of the *in forma pauperis* statute.

I next turn to the question of whether Ferguson's claim is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Ferguson is a frequent filer in this district, having filed fifteen cases over the years. In his pending complaint, Ferguson alleges that he was charged on March 20, 1985 with second degree sexual assault and was convicted in Milwaukee County Circuit Court. He challenges his convictions in case numbers L-1459 and L-2918 on the grounds that the circuit court lacked jurisdiction. (Docket # 1 at 2.) He alleges that he was falsely imprisoned. (*Id.*) Ferguson then alleges that on March 15, 2017, medical staff at the Milwaukee County House of Corrections attempted to kill him by giving him an overdose of high blood pressure medication. (*Id.*) Ferguson then alleges that the Adelman Law Firm offered a $5,000.00 criminal murder contract against Nolan Ferguson, Jr. and the government seized his lottery winnings. (*Id.* at 3.) He also alleges that Quincy was attacked on County medical grounds by employees of the government who broke his hip and Quincy later died. (*Id.*) Ferguson alleges that he is the only beneficiary for these acts. (*Id.*) Finally, Ferguson alleges the state failed to return $500.00 bail when it withdrew case 2014CF3291. (*Id.* at 4.)

In his two most recent complaints in Case Nos. 16-CV-933 (E.D. Wis. 2016) and 17-CV-74 (E.D. Wis. 2017), Ferguson similarly raised a wrongful death claim stemming from Nolan Ferguson, Jr.'s death and alleged false imprisonment based on his conviction for a sex offense in the mid-1980s. Judge Stadtmueller and Judge Pepper dismissed these complaints. Ferguson's complaint in Case No. 16-CV-933 was dismissed for failing to state any viable federal claims (Docket # 6 in 16-CV-933) and

his complaint in Case No. 17-CV-74 was dismissed for lack of diligence in prosecuting (Docket # 8 in Case No. 17-CV-74).

In performing my analysis of whether Ferguson has failed to state a claim, I must give his *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even liberally construing his complaint, I do not find that Ferguson has stated a cognizable claim. As Judge Stadtmueller previously found, Ferguson's "wrongful death" claim is not properly brought under 42 U.S.C. § 1983. (Docket # 6 in 16-CV-933 at 4.) Further, his claims regarding the Milwaukee County Circuit Court prosecuting him in the 1980s without jurisdiction and failing to return $500.00 does not allege an unconstitutional condition of confinement and thus in not properly brought under § 1983. *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991) ("If a prisoner seeks by his suit to shorten the term of his imprisonment, he is challenging the state's custody over him and must therefore proceed under the habeas corpus statute . . . if he is challenging merely the conditions of his confinement[,] his proper remedy is under civil rights law . . . .").

Finally, while Ferguson alleges that medical staff at the Milwaukee County House of Corrections attempted to kill him via a drug overdose, like Judge Stadtmueller, I find these allegations, and his complaint is general, "borders on fantasy" and thus can be dismissed on this basis alone. (Docket # 6 in 16-CV-933 at 4.) *See Taylor v. Rockford Police Dep't*, 165 F.3d 33 (7th Cir. 1998) (upholding dismissal of complaint as frivolous when "most if not all" of the allegations the plaintiff included described 'fantastic or delusional scenarios' that are factually frivolous"); *see also Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002) ("Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word)

that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity."). For these reasons, I recommend the complaint be dismissed.[1]

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket # 4) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 31st day of August, 2018.

BY THE COURT

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

---

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Ferguson's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).