UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES E. FERGUSON,

        Plaintiff,

v.                                                           Case No. 18-cv-1213-pp

UNITED STATES HHS, *et al.*,

        Defendants.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 7), OVERRULING OBJECTIONS (DKT. NO. 8) AND DISMISSING CASE**

---

**I.    Background**

On August 8, 2018, the plaintiff, representing himself, filed a complaint against the United States Department of Health and Human Services, the State of Wisconsin Department of Health and Human Services, the Milwaukee County Board of Supervisors, and the Milwaukee County Circuit Court, as well as individual defendants. Dkt. No. 1. The plaintiff also filed a letter, dkt. no. 2, and a motion, dkt. no. 4, asking the court to allow him to proceed without prepayment of a filing fee. The clerk's office randomly assigned the case to Magistrate Judge Nancy E. Joseph. Because the plaintiff asked to proceed without prepaying the filing fee, the law required Judge Joseph to "screen," or review, the plaintiff's complaint, to ensure that it contained claims for which a federal court could grant relief. 28 U.S.C. §1915(e)(2)(B)(i)-(iii). Judge Joseph concluded that the plaintiff could not afford the filing fee, but recommended that this court dismiss the case because the complaint does not state a claim

1

for which a federal court can grant relief. The court agrees, and will dismiss the case.

## II. Discussion

### A. Judge Joseph's Report and Recommendation (Dkt. No. 7)

Judge Joseph began by considering whether the plaintiff had demonstrated that he could not afford to pay the filing fee. Dkt. No. 7 at 2-3. She noted that the plaintiff's financial affidavit listed monthly income of $833 in SSI benefits, and reported $750 in monthly expenses. Id. at 2. He had only $833 in his bank account at the time he filed his case. Id. She concluded that the plaintiff had shown, for purposes of 28 U.S.C. §1915, that he could not afford to pay the filing fee. Id. at 3.

Turning to the allegations in the complaint, Judge Joseph began by commenting that the plaintiff is a prolific filer in this district, "having filed fifteen cases over the years." Id. at 3. She recounted the allegations of the current complaint, alleging (1) "racial discrimination again Hamite Maya Native Americans" (2) that the Milwaukee County Circuit Court lacked jurisdiction over his 1985 second-degree sexual assault case; (3) that he has been falsely imprisoned; (4) that the medical staff at the Milwaukee House of Corrections attempted to kill him with an overdose of high blood pressure medication on March 15, 2017; (5) that a law firm offered a $5,000 murder contract for Nolan Ferguson, Jr.; (6) that the government seized his lottery winnings; (7) that a person named Quincy was attacked by government employees, broke his hip, and later died and that the plaintiff is Quincy's beneficiary; and (8) that the state failed to return $500 in bail money when it withdrew 2014CF3291. Id. at 3.

Judge Joseph observed that the plaintiff's two most recent complaints in this district, Case No. 16-cv-933 and Case No. 17-cv-74, had asserted a wrongful death claim stemming from Nolan Ferguson's death and alleged false imprisonment. Id. Those complaints had been dismissed for failure to state any viable federal claims and for lack of diligence in prosecuting the case. Id. at 4. After acknowledging that she must give *pro se* complaints a liberal construction, Judge Joseph agreed with Judge Stadtmueller's conclusion in 16-cv-933 that the plaintiff's "wrongful death" claim "is not properly brought under 42 U.S.C. § 1983." She dismissed the plaintiff's allegations about the Milwaukee County Circuit Court prosecuting him in the 1980s by noting that he had not alleged an unconstitutional condition of confinement and could not proceed under §1983. Finally, Judge Joseph wrote that the plaintiff's allegation that the medical staff at the Milwaukee County House of Corrections attempted to kill him via drug overdose bordered on fantasy and dismissed those claims on that basis. Id. at 4 (citing Taylor v. Rockford Police Dep't., 165 F.3d 33 (7th Cir. 1998); Gladney v. Pendleton Corr. Facility, 302 F.3d 773 (7th Cir. 2002)).

### B. Objections to Report and Recommendation

On September 14, 2018, the court received the plaintiff's objection to Judge Joseph's recommendation. Dkt. No. 8. The plaintiff contends that he did not give Judge Joseph authority to issue a report and recommendation. Id. (citing Yeldon v. Fisher, 710 F.3d 452 (2d Cir. 2013)). The remainder of the objection makes statements, such as asserting that Judges Joseph and Stadtmueller are "being accused in the wrongful death of Caldon Ferguson & Nolan Ferguson, Jr.," asserting that the United States "Health & Social Services can not be sued unless the Seat of Presidency(s) are sued through 1776-2018 for their handling of Racial Stereio Typing and Segreation . . .," asserting

3

something about Richard Nixon Watergate co-conspirators having a reason to investigate Nolan Ferguson, a lottery owner, and asserting that Judge Adelman was a special counsel for the city of Milwaukee to investigate where Nolan Ferguson got money to wear expensive clothes to school relating to tax evasion. Id. at 1-2. Other than his statement that he did not give Judge Joseph permission to issue the report and recommendation, the plaintiff has not targeted objections to any specific parts of Judge Joseph's decision.

  C.  Analysis

Under Federal Rule of Civil Procedure 72(b)(3), if a party objects to a magistrate judge's report and recommendation, the district court must conduct a *de novo* review of any portion of the recommendation to which the party properly objected. Fed. R. Civ. P. 72(b)(3). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

The plaintiff's objection challenges Judge Joseph's authority to issue a report and recommendation. He appears to believe that Judge Joseph could not issue a report and recommendation unless she had *his* permission. That is not what the law says. Section 636(b)(1)(A) of Title 28 allows district judges to designate certain things to magistrate judges for resolution. It also says that a magistrate judge does not have the authority to issue a final decision on some things, one of which is that a magistrate judge cannot issue a ruling on a motion "to dismiss for failure to state a claim upon which relief can be granted." Id. While the magistrate judge cannot issue a final order dismissing a case for failure to state a claim, §636(b)(1)(B) allows a district court judge to "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the

4

court, of any motion excepted in subparagraph (A)[.]" That is what Judge Joseph did here—she submitted her proposed findings of fact and made a recommendation that this court dismiss the plaintiff's case for the reasons she provided. The statute does not give a party to the law suit the authority to decide whether a magistrate judge can issue a report and recommendation—only the district court has that authority, and this court exercised its authority to designate Judge Joseph to issue a report and recommendation.

The plaintiff cited Yeldon v. Fisher, 710 F.3d 452 (2d Cir. 2013), a case in which the plaintiff did not consent to have his case decided by a magistrate judge. But Judge Joseph has not issued a final decision in the plaintiff's case. The plaintiff is correct that, unless he consents, Judge Joseph does not have the authority to issue *final* decisions, such as orders dismissing defendants or orders dismissing claims. That is precisely why Judge Joseph issued a report and recommendation to *this* court. *This* court *does* have the authority to issue final decision. All Judge Joseph did was review the complaint, and make a *recommendation* to this court that it dismiss the case.

The court has reviewed the plaintiff's complaint and his objection. The court agrees completely with Judge Joseph that the complaint does not state a claim for which this court can grant relief. The complaint names several defendants—"United States [HSS]" (presumably the U.S. Department of Health and Human Services), "State of Wisconsin [HHS]," "Gina Courtney" (it is not clear whether this person is alleged to be a member of the county board of supervisors; there is no one on the county board by that name), "Milwaukee County Board of Supervisors," "House of Correction, Superintendent," "Milwaukee County Circuit Court," "Clerk in Probate Over Wills," "City of Milwaukee," and "Special Counsels [MPD] Gary Byers, Bruce Landgraft." Dkt.

5

No. 1 at 1. Most of these defendants are government entities that cannot be sued, either because they are immune from suit or because they are not "suable entities" under 42 U.S.C. §1983. While the plaintiff sued three individual defendants, he does not mention two of them anywhere in the body of the complaint.

The complaint consists of three pages of run-on sentences. In some places, it is nothing but a list of organizations and people ("Milwaukee County board of Supervisors, Chairman, Failures to Ventilate the Milwaukee County-Jail and House of Correction, Milwaukee County Clerk of Court in Probate over Wills filed by City of Milwaukee, Special Counsel, 901 N. 9th. St., Milwaukee, WI 53233, and City of Milwaukee and Special Counsel, Bruce Landgraft, Prosecutor of Contempt of Court Order violation . . . ." Dkt. No. 1 at 1. In some places, it is nothing but a list of claims, with case numbers that the court does not recognize as being in the format of either this court or state circuit courts. (The court does not know of any courts that use "L-1459" as a format for case numbers.) As Judge Joseph noted, much of the complaint appears to relate to allegations the plaintiff is trying to make regarding the circumstances surrounding the imprisonment and death of Nolan Ferguson—claims already determined by Judge Stadtmueller in an earlier case. The remainder of the claims appear to relate to the person the plaintiff identifies as "Quincy." The plaintiff does not say who Quincy is, who harmed Quincy, or why the plaintiff has any standing to bring a lawsuit relating to Quincy.

To the extent that the court is able to understand the complaint, it does not contain any claims for which a federal court could grant relief. As far as the court can tell, some traumatic things have happened to people who appear to be the plaintiff's family members, and the court can only imagine how difficult

that must be for him. But as Judge Joseph correctly concluded, there is no basis in the complaint for a federal court to investigate or to grant relief. The court will adopt Judge Joseph's recommendation and will dismiss the case for failure to state a claim upon which relief can be granted.

### III.  Conclusion

The court **ADOPTS** the findings and conclusions of Judge Joseph's report and recommendation. Dkt. No. 7.

The court **OVERRULES** the plaintiff's objection. Dkt. No. 8.

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 11th day of January, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**